IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LORA DUNN-DOBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSIGNED CREDIT | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LORA DUNN-DOBSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ASSIGNED CREDIT SOLUTIONS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LORA DUNN-DOBSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Franklin, County of Howard, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt that was allegedly incurred for the personal use of Plaintiff and/or for Plaintiff's household expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ASSIGNED CREDIT SOLUTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of New Jersey.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. On or about January 4, 2011, Mr. Peter Wallet, a duly authorized representative of Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

14. During the aforesaid voicemail message Defendant stated Plaintiff had to contact Defendant regarding a "time sensitive matter."

15. During the course of the aforesaid voicemail message Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

16. At no time during the course of the aforesaid voicemail message did Mr. Wallet provide Plaintiff with information regarding Defendant's identity.

17. The next day, on or about January 5, 2011, despite being fully cognizant of Plaintiff's location and despite having previously left a voicemail message for Plaintiff, Defendant proceeded to contact Plaintiff's father-in-law.

18. At no time during the aforesaid telephone call did Defendant state that it was calling to confirm or correct location information for Plaintiff.

19. During the course of a telephone call between Plaintiff's father-in-law and Defendant, Defendant stated that it had to contact Plaintiff regarding a "financial matter."

20. On or about January 5, 2011, despite being fully cognizant of Plaintiff's location and despite having previously contacted Plaintiff, Mr. Wallet proceeded to contact Plaintiff's sister-in-law and to leave a voicemail message for Plaintiff's sister-in-law.

21. During the course of the aforementioned voicemail message, Defendant stated that Plaintiff had to contact Defendant regarding a "time sensitive matter."

22. On or about January 10, 2011, despite being fully cognizant of Plaintiff's location and despite having previously contacted Plaintiff, Mr. Wallet proceeded to initiate an additional telephone call to Plaintiff's sister-in-law's cellular telephone number.

23. Plaintiff's brother-in-law answered the aforementioned telephone call and engaged in a telephone conversation with Mr. Wallet.

24. During the aforesaid telephone conversation Defendant stated that he required Plaintiff's telephone number so that Plaintiff could be contacted regarding a legal matter.

25. At no time during the aforesaid telephone call did Defendant state that it was calling to confirm or correct location information for Plaintiff.

26. On or about January 10, 2011, Mr. Wallet initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

27. During the course of the aforementioned voicemail message Defendant stated that either Plaintiff or Plaintiff's attorney had to contact Mr. Wallet.

28. Defendant then provided Plaintiff with a putative case number.

29. Plaintiff did not consent to Defendant contacting third-parties.

30. Again, during the course of the aforesaid voicemail message Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

31. Again, at no time during the course of the aforesaid voicemail message did Mr. Wallet provide Plaintiff with information regarding Defendant's identity.

32. Defendant's representations, as delineated above, that Plaintiff or Plaintiff's attorney had to contact Defendant regarding a legal matter were false, deceptive and/or misleading given that, upon information and belief, at the time Defendant made the aforementioned representations Defendant had not filed a lawsuit against Plaintiff.

4

33. On or about January 10, 2011, Plaintiff's counsel sent a correspondence to Defendant notifying Defendant that it represented Plaintiff with respect to the debt on which Defendant was attempting to collect.

34. The aforesaid correspondence provided Defendant with Plaintiff's counsel's contact information.

35. Upon information and belief, Defendant received the aforesaid correspondence.

36. On or about January 25, 2011, Plaintiff's counsel, again, sent a correspondence to Defendant.

37. The aforesaid correspondence, again, provided Defendant with Plaintiff's counsel's contact information.

38. Upon information and belief, Defendant received the aforesaid correspondence.

39. Despite being advised, on multiple occasions, that Plaintiff was represented by an attorney, on or about February 1, 2011, Defendant contacted Plaintiff in a further attempt to collect on the debt allegedly owed.

40. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

41. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

42. On or about February 1, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff an automated voicemail message.

43. Again, during the course of the aforesaid voicemail message Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

44. Again, at no time during the course of the aforesaid voicemail message was Plaintiff provided with information regarding Defendant's identity.

45. At no time during the course of the aforesaid voicemail message was Plaintiff provided with information regarding the identity of Defendant's duly authorized representative who initiated the aforesaid telephone call to Plaintiff.

46. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

47. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

48. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

49. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

50. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

51. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

d. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

f. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

h. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

7

n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

53. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LORA DUNN-DOBSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LORA DUNN-DOBSON**

By:    s/ Joan M. Landmann
       Attorney for Plaintiff

Dated: December 12, 2010
Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 4000
Chicago, IL 60601
Telephone: (888) 822-1777 (x816)
Facsimile: (888) 418-1277
E-Mail: jlandmann@smithlaw.us